# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 19-6-01 |
|---|---|
| VERSUS | JUDGE ELIZABETH FOOTE |
| JAMES ALBERT MAYO | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a motion in limine filed by the Defendant, James Mayo ("Mayo"), in which he seeks to exclude from trial evidence of his prior felony convictions. [Record Document 68]. The Government opposes the motion. [Record Document 71]. For the following reasons, Mayo's motion is **GRANTED IN PART** and **DENIED IN PART**.

Mayo has been charged with one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g). In preparation for his trial, Mayo has stipulated under Old Chief[1] and Rehaif[2] to the fact of his prior conviction and to the fact that he knew he was a convicted felon at the time he allegedly possessed the gun and ammunition in the instant case. Thus, the Government does not need to introduce his prior convictions into evidence in order to satisfy its burden of proof on the elements of § 922(g). However, Mayo has disclosed that he intends to testify in his own defense, and he anticipates that on cross-examination, the Government will attempt to impeach him with evidence of his prior felony convictions. The Government agrees that is its intent.

---

[1] Old Chief v. United States, 519 U.S. 172 (1997).
[2] Rehaif v. United States, 139 S. Ct. 2191 (2019).

Mayo has three prior drug felony convictions: attempted distribution of a schedule II drug in 2005; possession of a schedule II drug in 2011; and possession of a schedule III drug in 2013. The admissibility of prior convictions to impeach a witness is governed by Federal Rule of Evidence 609. Rule 609, which is directed at attacking a witness's character for truthfulness, provides that in a criminal case in which the defendant is the witness, evidence of a prior felony conviction "must be admitted . . . if the probative value of the evidence outweighs its prejudicial effect to that defendant." F.R.E. 609(a)(1)(B). The parties agree this is the portion of Rule 609 that governs the inquiry in this case.

Mayo submits that in light of his stipulation to having at least one prior felony conviction, the Government's probe into any additional information with respect to his criminal history is prejudicial. He argues there is little, if any, probative value to these prior convictions, as the crimes are dissimilar from what is charged in the instant indictment and they are remote in time since the most recent conviction was six years ago. While Mayo concedes his credibility is a central issue in this case, he contends that testing his credibility through the introduction of prior convictions will serve no purpose other than to place him in a bad light before the jury.

The Government, on the other hand, avers the prior convictions are admissible under Rule 609 for the sole purpose of assessing Mayo's credibility as a witness. The Government points out that the prejudice to Mayo will be minimal since Mayo has already stipulated to the fact that he has a prior felony conviction. In addition, the Government notes that it only intends to ask Mayo about the name, date, and jurisdiction of his prior

convictions unless Mayo equivocates, in which case it will then delve further in its questioning. The Government further submits that "the convictions are highly probative of the DEFENDANT's character for truthfulness," but does not explain why. Record Document 71, p. 3. Quoting the Eighth Circuit, the Government posits that "one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath." Record Document 71, p. 3 (quoting <u>United States v. Chauncey</u>, 420 F.3d 864, 874 (8th Cir. 2005)). Thus, the Government suggests that any time a defendant takes the stand, he puts his credibility at issue and therefore his convictions essentially are automatically admissible.

The Court does not agree that Rule 609 is as broad as the Government submits. If it were, the text of Rule 609(a)(1)(B) directing the Court to weigh probative value against prejudice would be rendered meaningless. Indeed, there would not be a circumstance in which a defendant testified in his own defense and his credibility as a witness was not at issue. In other words, if every time a defendant testified, he put his credibility at issue and then his prior convictions were admissible to impeach him, Rule 609's balancing inquiry would lose its impact. Thus, it is not enough that the Defendant's credibility is at issue, as that is always the case when a defendant testifies. The conviction still has to be probative of something, and in this case, the government has not identified any reason that would make these prior drugs convictions "highly probative" of Mayo's character for truthfulness. Based on the limited information provided to the Court about Mayo's prior convictions, the Court is unable to identify how these prior convictions would

be probative of any fact in issue in this felon-in-possession trial. The prior convictions are not for the same charge as the current indictment; they did not occur near in time to the offense alleged in the instant case and in fact are separated by years; and there are no ancillary facts which would suggest that some aspect of the prior crimes, or the defenses asserted thereto, are similar or relevant to the violation charged here. While the Court realizes that guns and drugs are often tools of the drug trafficking trade, the Government has not suggested any sort of drug trafficking component is at issue here, nor has it argued that Mayo has possessed guns in connection with his prior drug convictions.[3]

As the Fifth Circuit stated in United States v. Privett, 68 F.3d 101, 105-06 (5th Cir. 1995), "the crimes for which Privett had been convicted—burglary, theft, escape, and aggravated robbery—are not particularly relevant to show that Privett was predisposed to carrying a gun . . . . Instead, the convictions simply show that Privett had a general criminal disposition. The prejudicial effect of such evidence greatly outweighs any probative value it may have." However, in light of Mayo's stipulation and the absence of similarity in facts or circumstances, the Court is hard-pressed to conclude that the prior convictions offer much probative value.

Accordingly, Mayo's motion in limine [Record Document 68] be and is hereby **GRANTED IN PART** and **DENIED IN PART**. The Government may cross-examine

---

[3] The Court notes that the Government did not raise the potential connection between guns and drugs; rather, this issue was raised by the Court sua sponte.

Mayo to ask the name and year of his prior convictions, but may go no further without good cause and prior permission from the Court. If Mayo equivocates or denies his criminal history, then the Court will be more inclined to agree that further exploration is warranted under Rule 609; however, the Government must first approach the Court to address this issue before proceeding.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 8th day of November, 2019.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE